IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CRAIG IVAN GILBERT

    Plaintiff,

v.                                              CASE NO. 1:16-cv-170-MW-GRJ

STATE OF FLORIDA, et al,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This case was filed in May 2016, and is presently before the Court because the Plaintiff has not paid the filing fee or filed an amended motion to proceed *in forma pauperis* and has failed to file an amended complaint as directed by the Court. Despite Plaintiff having been granted an opportunity to cure these deficiencies and to prosecute this case, Plaintiff has failed to comply with the Court's previous order and has failed to advance this case. Accordingly, for the reasons explained below, the case should be dismissed.

## DISCUSSION

Plaintiff filed a handwritten complaint in this case on May 11, 2016, claiming that he has been committed to a psychiatric hospital and is being

involuntarily medicated by various psychologists, the state court judge and the attorney for the North Florida Evaluation Treatment Center.

When Plaintiff initiated this action he failed to pay the filing fee and his motion to proceed *in forma pauperis* lacked a financial affidavit. Additionally, when the Court screened Plaintiff's complaint the Court determined that there were a number of deficiencies in Plaintiff's complaint, as detailed in the Court's May 31, 2016 Order. ECF No. 5. The Court directed Plaintiff to file an amended complaint, curing the deficiencies in the original complaint, and to either pay the $350.00 filing fee or file an motion for leave to proceed *in forma pauperis* with the required financial affidavit. Plaintiff was directed to file the amended complaint and the amended motion to proceed *in forma pauperis* on or before June 30, 2016. Plaintiff has failed to do so and more than sufficient time has passed for him to comply.

A trial court has inherent power to dismiss a case *sua sponte* for failure to prosecute.  *Link v. Wabash Railroad*, 370 U.S. 626 (1962); *Eades v. Alabama Dept. of Human Resources*, 298 Fed. Appx. 862 (11th Cir. 2008) (district court has discretion to dismiss case *sua sponte* where plaintiff has failed to comply with court orders and was on notice that such

failure may result in dismissal). Fed. R. Civ. P. 41(b) also authorizes a district court to dismiss an action for failure to obey a court order.

As detailed above despite the fact the Court afforded Plaintiff an opportunity to cure the deficiencies in this case, Plaintiff failed to file an amended complaint and failed to pay the filing fee or seek permission to proceed *in forma pauperis*. Indeed since June 9, 2016, Plaintiff has not filed anything further on the docket and has not taken the necessary action to advance this case.

Accordingly, in light of the foregoing, it is respectfully **RECOMMENDED** that this case be **DISMISSED** without prejudice for failure to prosecute and for failure to obey an order of this Court.

**IN CHAMBERS** this 22nd day of August 2016.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.